# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENISE VAN HORN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-17-319-STE |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits and supplemental security income under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

## I.    PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 16-26). The Appeals Council denied

Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.920, 416.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 20, 2012, the alleged onset date. (TR. 18). At step two, the ALJ determined Ms. Van Horn had the following severe impairments: major depressive disorder; bipolar disorder; anxiety; remote history of cocaine use/sustained remission; and ventral hernia, reducible. (TR. 18). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 21).

At step four, the ALJ concluded that Ms. Van Horn retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the individual can occasionally stoop, kneel, crouch and crawl. The individual can occasionally climb ramps or stairs but should avoid climbing of ladders, ropes, or scaffolds. The individual can perform simple and routine tasks consistent with unskilled work involving no interact [sic] with the general public and no more than occasional interaction with co-workers and supervisors. The individual would do better working with things and data than people.

(TR. 22). With this RFC, the ALJ concluded that Plaintiff was unable to perform any past relevant work. (TR. 24). As a result, the ALJ made additional findings at step five. There, the ALJ presented several limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 60-62).

Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles. (TR. 61-62). The ALJ adopted the testimony of the VE and concluded that Ms. Van Horn was not disabled based on her ability to perform the identified jobs. (TR. 26).

### III. ISSUES PRESENTED

On appeal, Plaintiff alleges the ALJ erred in her consideration of: (1) an opinion from a consultative examining physician, (2) a ventral hernia, and (3) panic attacks.

### IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

### V. THE CONSULTATIVE PSYCHOLOGIST'S OPINION

Ms. Van Horn alleges that the ALJ erred in her consideration of the opinion from consultative examining psychologist, Dr. Stephanie Crall. (ECF No. 17:2-5). According to Plaintiff: (1) Dr. Crall's opinion regarding Plaintiff's likely inability to work interfered with the ALJ's ultimate finding that Ms. Van Horn could work, and (2) the ALJ failed to explain

3

why he had discounted the opinion and what weight he had accorded the opinion. (ECF No. 17:2-5). The Court disagrees.

## A. Dr. Crall's Opinion

On May 15, 2013, Dr. Crall performed a mental status examination on Ms. Van Horn and made the following relevant findings:

- Plaintiff suffered from Major Depressive Disorder, moderate, Posttraumatic Stress Disorder (provisional), panic disorder without agoraphobia, cocaine abuse (by history), and cocaine dependence (in full remission);

- Plaintiff had the ability to engage in work-related mental activities such as sustaining attention, understanding, and remembering;

- Plaintiff had the ability to persist at activities involving simple, and some complex tasks, and

- The presence of chronic pain, depression, anxiety, and the lack of a high school diploma/GED would "likely interfere" with Plaintiff's ability to obtain and maintain competitive employment.

(TR. 408).

## B. No Error in the ALJ's Consideration of Dr. Crall's Opinion

"It is the ALJ's duty to give consideration to all the medical opinions in the record. He must also discuss the weight he assigns to such opinions." *Keyes-Zachary, v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). However, the Tenth Circuit has found that the ALJ's failure to expressly weigh a consultative physician's opinion is harmless if the RFC "is generally consistent with the opinion." *Id.* at 1163.

In the decision, the ALJ recited all of Dr. Crall's opinions, but did not expressly weigh them. (TR. 19). Ms. Van Horn alleges that the ALJ's failure to weigh and explain Dr. Crall's findings constituted legal error "because Dr. Crall's opinion was in complete

contradiction with the ALJ's conclusion in her RFC that Ms. Van Horn could do light work; therefore, [the ALJ] was duty-bound to address the contradicting opinion and explain why it should not receive weight." (ECF No. 17:3). The Court agrees that the ALJ failed to discuss the weight she had accorded Dr. Crall's opinion, but for three reasons, the Court concludes that the error was harmless.

First, Plaintiff alleges that Dr. Crall's opinion "was in complete contradiction with the ALJ's conclusion in her RFC that Ms. Van Horn could do light work." (ECF No. 17:3). The ability to perform light work involves a consideration of a claimant's physical capabilities. *See* 20 C.F.R. §§ CFR 404.1567(b) and 416.967(b). Dr. Crall did not perform a physical examination on Ms. Van Horn, nor did the psychologist render an opinion which conflicted with the ALJ's determination that Plaintiff was physically capable of performing "light" work.

Second, Ms. Van Horn contends that Dr. Crall issued an opinion that Ms. Van Horn "likely could not work." (ECF No, 17:2). Plaintiff has misstated the record. Dr. Crall actually stated that Plaintiff's "chronic pain, depression, anxiety, and lack of high school diploma/GED [would] *likely interfere* with Plaintiff's ability to obtain and maintain competitive employment,"[1] not that Ms. Van Horn likely could not work.

Third, Dr. Crall's opinion was actually consistent with RFC, which renders harmless the ALJ's failure to perform an express analysis on the opinion. *See supra*, *Keyes-Zachary*; *compare* TR. 408 (Dr. Crall's opinion that Ms. Van Horn could perform activities involving

---

[1] (TR. 408) (emphasis added).

5

"simple and some complex tasks") *with* TR. 22 (RFC which stated that Plaintiff could perform "simple and routine tasks.").

## VI. VENTRAL HERNIA

At step two, the ALJ concluded that Plaintiff suffered from a severe ventral hernia, reducible. (TR. 18). The RFC stated that Ms. Van Horn could "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)" with additional restrictions allowing Plaintiff to occasionally stoop, kneel, crouch and crawl, and climb ramps or stairs. (TR. 22). In medical records, Plaintiff complained that the hernia was aggravated while lifting weight, doing exercise, or walking for a long time. (TR. 460, 471). As a result, Ms. Van Horn alleges that the ALJ should have: (1) limited Plaintiff to "sedentary" work, which would "eliminate heavy lifting all day, plus the walking" required by "light" work and (2) "further restricted Ms. Van Horn's ability to stoop, kneel, crouch, crawl, or climb ramps or stairs." (ECF No. 17:6). The Court disagrees.

The Court first notes that the presence of a "severe" impairment at step two, does not necessarily result in related limitations in the RFC. *See Cavalier v. Colvin*, 2014 WL 7408430, at *2 (N.D. Okla. 2014) (noting that the presence of an impairment, albeit severe, does not necessarily equate to corresponding limitations in the RFC). The RFC need only include such limitations as the medical record substantially supports. *See Kirkpatrick v. Colvin*, 663 F. App'x 646, 650 (10th Cir. 2016) ("Clearly, an ALJ doesn't commit error by omitting limitations not supported by the record"); *Arles v. Astrue*, 438 F. App'x 735, 740 (10th Cir. 2011) (rejecting plaintiff's claim that a limitation should have been included in his RFC because "such a limitation has no support in the record").

Although Plaintiff alleges that the hernia should have been reflected through additional limitations in the RFC, Ms. Van Horn has no evidentiary support or legal basis for this argument. At the hearing, Plaintiff's attorney omitted the hernia when listing Plaintiff's medically determinable impairments and only argued that it would "limit [Ms. Van Horn's] lifting until it's repaired." (TR. 38-39, 57). Indeed, the medical records stated that due to the hernia, Ms. Van Horn should "avoid heavy lifting." (TR. 461, 472). The ALJ acknowledged this limitation and presumably accounted for it by limiting Plaintiff to "light," not "heavy," work.[2] Plaintiff's medical provider did not put a numerical limitation on the amount of weight Ms. Van Horn could lift. As a result, the Court concludes that the record does not support a lifting restriction which is more limited than that set forth in the RFC. *See Jimison ex rel. Sims v. Colvin,* 513 F. App'x 789, 792 (10th Cir. 2013) (requiring "record support" for a claimed lifting restriction).

Furthermore, Plaintiff does not point to any evidence in the record which suggests limitations greater than those set forth in the RFC on Plaintiff's abilities to walk, stoop, kneel, crouch, crawl, or climb ramps or stairs, and the Court will not comb the record for evidentiary support. *See Kirkpatrick v. Colvin*, 663 F. App'x at 649 (noting that "it isn't [the Court's] obligation to search the record and construct a party's arguments."). Accordingly, the Court finds no error in the RFC as written. *See McNally v. Astrue*, 241 F. App'x 515, 518 (10th Cir. 2007) ("with regard to [her severe impairments], the claimant has shown no error by the ALJ because she does not identify any functional limitations

---

[2] "Light" work involves "lifting no more than 20 pounds at a time with frequent lifting . . . up to 10 pounds." 20 C.F.R. §§ 404.1567(a) and 416.967(a). "Heavy" work involves lifting no more than 100 pounds at a time with frequent lifting . . . up to 50 pounds. 20 C.F.R. §§ 404.1567(c) and 416.967(c).

that should have been included in the RFC assessment or discuss any evidence that would support the inclusion of any limitations") (citation omitted).

## VII. PANIC ATTACKS

Finally, Plaintiff argues that the ALJ erred in his consideration of Plaintiff's panic attacks. (ECF No. 17:7-15). Specifically, Plaintiff alleges: (1) the ALJ failed to find that Plaintiff suffered from "severe" panic attacks at step two, (2) the ALJ failed to perform a proper analysis of the panic attacks in the RFC as set forth in *Wells v. Colvin*,[3] (3) the RFC failed to accommodate the panic attacks, and (4) the ALJ "cherry-picked" the VE's testimony. The Court finds no reversible error in the ALJ's consideration of Plaintiff's panic attacks.

### A. Harmless Error at Step Two

Ms. Van Horn correctly notes that the ALJ did not find "panic attacks" to be a severe impairment at step two. *See* TR. 18. However, Plaintiff admits that if any error existed in this regard, it would have been harmless because the ALJ continued through the remaining steps of the disability analysis. *See* ECF No. 17:7-8, *see also Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (any error at step two became harmless when the ALJ determined that the claimant suffered from at least one severe impairment and proceeded to the next step of the evaluation sequence).

---

[3] 727 F.3d 1061 (10th Cir. 2013).

### B. No Error Under *Wells v. Colvin*

Ms. Van Horn challenges the ALJ's step two and four findings regarding Plaintiff's panic attacks, citing *Wells v. Colvin*, 727 F.3d 1061 (10th Cir. 2013). Plaintiff's reliance on *Wells* is misplaced.

In *Wells*, the ALJ had made a step two finding that the plaintiff's mental impairments were not severe. *Wells*, 727 F.3d at 1068. The ALJ then stated: "[t]hese findings do not result in further limitations in work-related functions in the [RFC] below." *Id.* at 1069 (brackets in original). The Tenth Circuit Court of Appeals stated that the ALJ's language "suggest[ed]" that he may have relied on his step-two findings to conclude that the plaintiff had no limitations at step four based on mental impairments. *Id.* at 1069. If so, the Court stated, such a conclusion would be considered "inadequate under the regulations" because the RFC analysis at step four required "a more detailed assessment" "describing how the evidence *supports each conclusion*, citing specific medical facts." *Id.* (emphasis in original).

Ms. Van Horn contends that the ALJ erred at step two by making findings more egregious than the step two findings condemned in *Wells*. Plaintiff states: "Worse yet, in contrast to the Step 2 statement that *Wells* implied would be inadequate, at Step 2 in Ms. Van Horn's case the ALJ made *no statement whatsoever* regarding all severe or non-severe impairments in her RFC which is error." (ECF No. 17:9). This statement suggests that Plaintiff believes *Wells* requires some sort of finding at step two regarding the impact of the impairments at step four. But such an assumption overstates the ALJ's duty at step two, and misses the import of the holding in *Wells*.

At step two, the ALJ's duty is limited to making a determination of whether the claimant suffers from a severe impairment or combination of impairments. *See Bowen v. Yuckert,* 482 U.S. 137, 140-141 (1987); 20 C.F.R. § 404.1520(c). The ALJ complied with this duty, finding that Ms. Van Horn suffered from several severe impairments. *See* TR. 18. *Wells* did not require the ALJ to make a step two finding beyond severity. Instead, the Court in *Wells* found error "to the extent the ALJ relied on his finding of non-severity as a substitute for [an] adequate RFC analysis[.]" *Wells*, 727 F.3d at 1071. Thus, the Court rejects Plaintiff's allegation of error to the extent that it is premised on improper findings under *Wells* at step two.

Plaintiff also states that at step four, the ALJ "*did not engage in any analysis* of certain mental functions and how they may be impacted (or not) by Ms. Van Horn's medically determinable impairments." (ECF No. 17:9) (emphasis in original). The Court disagrees. In *Wells*, the ALJ made a finding at step two, which the Tenth Circuit stated had "suggest[ed]" that the ALJ may have relied on to conclude that the plaintiff had no limitations at step four. *Wells*, 727 F.3d at 1069. According to the Circuit, such a conclusion would be considered "inadequate under the regulations" because the RFC analysis at step four required "a more detailed assessment." *Id.*

Here, unlike the situation in *Wells*, the ALJ did not make a severity finding at step two and then completely disregard Plaintiff's mental impairments at step four. *See* TR. 22 (RFC finding at step four that Plaintiff could perform "simple and routine tasks consistent with unskilled work involving no interact [sic] with the general public and no

more than occasional interaction with co-workers and supervisors."). Thus, the Court rejects Plaintiff's argument that the ALJ erred under *Wells* at step four.

### C. No Error in the RFC

Next, Ms. Van Horn argues that the ALJ failed to consider the effects of Plaintiff's panic attacks in the RFC. (ECF No. 17:9-15). The Court disagrees. As stated, the RFC stated that Plaintiff could perform "simple and routine tasks consistent with unskilled work involving no interact [sic] with the general public and no more than occasional interaction with co-workers and supervisors." (TR. 22). According to Plaintiff, the ALJ made an "errant" finding that "the complexity of work or dumbing down the work, will somehow accommodate a person with a frank panic attack." (ECF No. 17:9). Ms. Van Horn further argues that the finding is not only errant, but "ridiculous," because people with panic attacks "go off task no matter what kind of work they are performing." (ECF No. 17:9).

Initially, the Court takes issue with Plaintiff's characterization of the RFC as "dumbing down" work. The RFC simply limited Ms. Van Horn to "simple and routine tasks consistent with unskilled work involving no interact [sic] with the general public and no more than occasional interaction with co-workers and supervisors,"—a finding which apparently reflected the ALJ's determination of how Plaintiff's mental impairments would affect her ability to work.

Next, Plaintiff references going "off task" which she apparently believes should have somehow translated to a particular work-related limitation in the RFC. In support, Plaintiff states that her "testimony and medical history show an extensive history of dealing with panic disorder." (ECF No. 17:10). For two reasons, this argument is not

11

persuasive. First, being "off task" is too vague to translate to a specific work-related functional limitation and Plaintiff cites to no medical opinion which supports a finding that being "off-task" would prevent her from engaging in substantial gainful activity.

Second, although Plaintiff testified that she suffered from panic attacks, she stated that she took extra medication to treat the symptoms. (TR. 47-48). The ALJ considered this testimony and made a credibility determination. (TR. 23-24). Ms. Van Horn does not separately challenge the credibility determination, nor point to any evidence wherein a medical professional has stated that her panic attacks would result in her inability to work. As a result, the Court should conclude that Plaintiff has not met her burden to establish error in the RFC. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987) (the claimant has the initial burden of establishing a disability in the first four steps of this analysis).

### D. No Error in the ALJ's Reliance on the VE's Testimony

At the hearing, the VE testified that an individual who would be off-task up to 50 percent of the day, as often as one time per week, would be unable to sustain employment. (TR. 62). According to Plaintiff, the ALJ improperly "cherry-picked" the VE's testimony, ignoring this portion of the testimony, while adopting the testimony which stated that Plaintiff could work with the limitations set forth in the RFC. (ECF No. 17:15). The Court rejects Plaintiff's argument. By failing to adopt the VE's testimony regarding the preclusion of all work, the ALJ obviously believed that Ms. Van Horn would not be off-task for 50 percent of the day, up to one day per week. As discussed, the record supports this conclusion. *See supra*. Because the ALJ did not need to include limitations relating to being off-task in the RFC, no error exists in the resulting inquiry to the VE. *See Evans v.*

12

*Chater,* 55 F.3d 530, 532 (10th Cir. 1995) (a hypothetical question need only reflect the impairments borne out by the record); *Carver v. Colvin,* 600 F. App'x 616, 621 (10th Cir. 2015) (no error in the hypothetical question to the VE which reflected RFC limitations deemed sufficient); *Jimison ex rel. Sims v. Colvin*, 513 F. App'x 789, 793-94 (10th Cir. 2013) (no error in a hypothetical question where the claimant fails to point to functional limitations that the ALJ improperly omitted).

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on January 24, 2018.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE